Charles A. Paolino
vs.    No. 71927.
Allison Phelps, et al.

April 25, 1928

TANNER, P. J. This is an action at law in assumpsit brought on the common counts. It is heard upon the demurrer of the plaintiff to the defendants' special plea in bar.

The gist of the plea in bar is that the plaintiff had entered into an agreement with the defendants as follows: "A check of all material furnished and payments made under this contract will be made by some party mutually agreed upon and final settlement made on the next payment date specified on this contract. It is agreed that the city's resident engineer at the Neutaconkanut Reservoir will be a satisfactory arbiter."

It is alleged that the plaintiff refused to submit to arbitration according to this agreement, and that such refusal is a bar to the action.

It seems to us that the arbitration clause contained in the plea in bar does not amount to a condition precedent to any right of action; that it is merely a collateral part of the agreement and that there has been a part performance of the main agreement. We think, therefore, that this arbitration clause is no part of the action for breach of contract.

"Whatever disagreement between the decisions there may be it is at least generally held that a stipulation in form collateral to refer all matters in dispute under a contract to arbitrators is no bar to an action at law for breach of the contract." *3d Williston on Contracts*, page 3013.

"A provision, in a contract for the payment of money upon a contingency, that the amount to be paid shall be submitted to arbitrators, whose award shall be final as to that amount, but shall not determine the general question of liability, is undoubtedly valid. If the contract further provides that no action upon it shall be maintained until after such an award, then the award is a condition precedent to the right of action. But when no such condition is expressed in the contract, or necessarily to be implied from its terms, it is equally well settled that the agreement for submitting the amount to arbitration is collateral and independent and that a breach of this agreement, while it will support a separate action, can not be pleaded

in bar to an action on the principal contract."

*Hamilton* vs. *Home Ins. Co.*, 137 U. S. p. 385.

See also

*Bristol* vs. *Bristol & Warren Water Works*, 19 R. I. 413. *Cooke* vs. *Miller*, 25 R. I. 92.

The demurrer is therefore sustained.

For plaintiff: Hogan & Hogan.

For defendants: Stephen J. Casey.